Opinion filed September 10, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed September
10, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00337-CR

                                                       ________

 

                                      OFRAEL
AMADOR, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 161st District Court

 

                                                           Ector
County, Texas

 

                                                 Trial
Court Cause No. B-33,929

 



 

                                             M
E M O R A N D U M   O P I N I O N 

Ofrael
Amador appeals his conviction by a jury of the offense of sexual assault.  The
jury assessed his punishment at seven years in the Texas Department of Criminal
Justice, Institutional Division.  He contends in a single point of error that
the trial court abused its discretion by denying his motion for continuance. 
We affirm.

Amador
contends that the trial court abused its discretion by denying his motion for
continuance.  The granting or denying of a motion for continuance is within the
sound discretion of the trial court.  Renteria v. State, 206 S.W.3d 689,
699 (Tex. Crim. App. 2006).  A defendant must show Aspecific prejudice to his defense@ to establish that the
trial court abused its discretion in refusing to grant a continuance.  Id.








 Amador=s motion for continuance
was based upon the facts that he was arrested on additional charges the day
before the trial and that his counsel needed time to prepare for trial because
the State had given him notice that it planned to produce evidence of Amador=s conduct in that incident
during the trial.  There is no evidence in the record showing any specific
prejudice to the defense that would establish that the trial court abused its
discretion in refusing to grant a continuance.  

In
urging that Amador did suffer prejudice due to the trial court=s denial of his
continuance, Amador refers to his counsel=s
statement at trial that he had not had time to prepare, that he did not yet
know much about the substance of what had happened the day before, and that he
had not been able to interview the witnesses or do any preparation for
cross-examination.  The only witness called by the State who testified
concerning what happened the day before trial was Amador=s wife, the complainant.  She was
cross-examined by Amador=s
counsel.  The complainant testified that, on the day before trial, Amador broke
into her home and took her to a motel against her will for the purpose of
preventing her from appearing at trial.  Amador makes no suggestion as to what
questions his counsel would have asked or what questions he would not have
asked had he had additional time to prepare for the cross-examination of the
complainant.

Amador
called Enrique Navarrete, who testified that, at the request of Amador, he had
rented the motel room where Amador took the complainant on the day before the
trial.  Navarrete indicated that he saw the complainant and that there was no
indication she was at the motel involuntarily.  He testified on
cross-examination that he had a prior conviction for sexual assault and a prior
conviction for Afailure
to comply with sex offender registration@
and that he was facing a charge of evading arrest.








Amador
asserts in his brief, referring to evidence of Navarrete=s prior convictions, that:  AIt is evident, in the
record that the Assistant District Attorney knew more about Navarrete that
[sic] Appellant=s
trial counsel.@ 
Amador further declares that his trial counsel was not familiar with Navarrete
or his criminal history.  He refers to the State=s
question, ASo you are
a two time convicted felon of sexual assault?@
as showing that his counsel was unaware of the criminal history.  In fact,
there is nothing in the record to show that, at the time this question was
asked, Amador=s counsel
was not aware of Navarrete=s
criminal history.  Rather, the evidence shows that Navarrete had just recounted
his criminal history during cross-examination.  We note that Navarrete himself
answered the State=s
question in the affirmative.  Amador suggests that, if his trial counsel had
been able to investigate the incident from the day before, it is highly
unlikely he would have called Navarrete, given a significant criminal history. 
Amador=s assertion is
speculative and is outside the record.  There is no evidence in the record
showing that Amador=s
trial counsel was unaware at trial of Navarrete=s
prior criminal record or, if he had not been, that he would not have called
Navarrete.  Finally, Amador asserts that his trial counsel was surprised at the
complainant=s
testimony that she and her children were taken against their will to a motel,
saying, AIt is plain
from the record that [defense counsel] did not have anytime [sic] to
investigate what turned out to be a significant portion of the alleged victim=s claims and eventual
testimony.@  While
Amador=s counsel
stated at trial that he did not yet know much about the substance of the
incident the day before, the record does not support the claim that he was
surprised at the complainant=s
testimony concerning what had happened.  Although Amador=s trial counsel stated that he had not been
able to interview witnesses, there is nothing in the record to show what
additional investigation he could have conducted, had he been given additional
time, that would have made any difference in the trial.  Because there is no
evidence of specific prejudice to the defense shown in the record to have
resulted from the trial court=s
denial of Amador=s
motion for continuance, we hold that the trial court did not abuse its
discretion by denying the motion.  We overrule Amador=s sole point of error.

The
judgment is affirmed.

 

PER CURIAM

 

September 10,
2009

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

Strange, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.